IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GABRIEL M. ROBLES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-4864-KHV-KGS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is presently before the court on plaintiff's *pro se* Motion for Summary Judgment (Doc. #16). Plaintiff asserts a medical malpractice claim against the United States arising from treatment at the Veterans Administration Hospital in Topeka, Kansas. For the following reasons, the Court denies plaintiff's motion.

I.

As observed by the defendant in its response, plaintiff's motion for summary judgment is a "bit difficult to decipher." See Doc. #18 at p. 2. Plaintiff appears to raise two arguments. First, he vaguely contends he is entitled to summary judgment because the United States has failed to conduct any investigation of his claim. Second, he argues that "Affirmative Defense 14 of the answer to the complaint (Doc. 12) should be granted by the court and the Plaintiff should be awarded

$900,000.00, the amount of the 'administrative claims.'" See Doc. #16 at p. 2.

## II.

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court considers the evidence in the light most favorable to the moving party. LifeWise Master Funding v. Telebank, 374 F.3d 917, 927 (10th Cir. 2004).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, "pro se litigants are subject to the same rules of procedure that govern other litigants." DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). It is not the "proper function of the district court to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110. For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

III.

Plaintiff's motion for summary judgment consists of two pages. The motion fails to set forth facts in accordance with the Federal Rules of Civil Procedure or the Rules of Practice of the United States District Court for the District of Kansas. The motion also fails to cite any legal authority in support of the arguments. The Court is mindful that because plaintiff proceeds *pro se*, it must construe his pleadings and motions liberally. The fact that plaintiff proceeds *pro se*, however, does not excuse his "noncompliance with every litigant's duty to comply with the fundamental rules of procedure." Hammad v. Bombardier Learjet, Inc., 192 F.Supp.2d 1222, 1229 (D.Kan. 2002)(citing Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994)). Any party moving for summary judgment must show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Summary judgment procedure requires that plaintiff provide support for his factual allegations by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A); see D. Kan. Rule 56.1(d) ("All facts on which a motion or

opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions."). These factual allegations must be numbered, and must also "refer with particularity to those portions of the record upon which [the] movant relies." D.Kan. Rule 56.1(a).

Plaintiff's motion fails to establish the absence of a genuine issue of material fact or to demonstrate his entitlement to judgment as a matter of law. Plaintiff has not shown that he is entitled to summary judgment based upon the defendant's "failure to investigate" his claim. Plaintiff fails to properly provide factual support or legal authority for this argument. Plaintiff also has not demonstrated that he is entitled to summary judgment based upon "Affirmative Defense 14" in the defendant's answer. Plaintiff misunderstands this affirmative defense. This defense is not a concession to liability but a jurisdictional financial limit on any recovery to which plaintiff is entitled. As such, this affirmative defense provides no basis upon which the Court can award summary judgment. In sum, plaintiff's motion for summary judgment is denied.

4

**IT IS THEREFORE ORDERED** that plaintiff's *pro se* Motion for Summary Judgment (Doc. # 16) be and hereby is **DENIED**.

Dated this 16th day of October, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

6