## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GABRIEL M. ROBLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-4864-KHV** |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Gabriel M. Robles, pro se, brings suit against the United States of America for claims arising out of his treatment by medical providers at the Veterans Administration ("VA").[1]  See Pretrial Order (Doc. #31) filed March 30, 2016 at 2-3.  The case is set for a three-day bench trial beginning February 27, 2017.  This matter comes before the Court on Defendant's Motion To Dismiss Complaint Or, In The Alternative, Motion For Summary Judgment (Doc. #32) filed April 4, 2016. For reasons stated below, the Court sustains the motion in part.

## I.    Legal Standards

### A.    Failure To State A Claim

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The Court liberally construes the pleadings of a pro se plaintiff.  See Jackson v. Integra, Inc., 952 F.2d 1260, 1261 (10th Cir. 1991).

---

[1]      On April 7, 2015, the Court granted plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.  See Order (Doc. #5).  Plaintiff also sued various VA facilities. See Complaint (Doc. #1) filed April 1, 2015 at 1.  On July 16, 2015, the Court dismissed all claims against the VA and its facilities, finding that the United States is the only proper defendant.  See Order (Doc. 15) at 1-2.

This does not mean, however, that the Court must become an advocate for the pro se plaintiff.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Iqbal, 556 U.S. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall, 935 F.3d at 1110.

Plaintiff bears the burden of framing his claims with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of

misconduct, the pleading has alleged – but has not "shown" – that the pleader is entitled to relief. See id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**B.     Summary Judgment**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Hill v. Allstate Ins. Co., 479 F.3d 735, 740 (10th Cir. 2007).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010).  Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which he carries the burden of proof.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  To carry his burden, the nonmoving party may not rest on his pleadings but must instead set forth specific facts supported by competent evidence.  Nahno-Lopez, 625 F.3d at 1283.

The Court views the record in the light most favorable to the nonmoving party.  <u>Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991).  It may grant summary judgment if the nonmoving party's evidence is merely colorable or is not significantly probative.  <u>Liberty Lobby</u>, 477 U.S. at 250-51.  In response to a motion for summary judgment, a party cannot rely on ignorance of facts, speculation or suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial.  <u>Conaway v. Smith</u>, 853 F.2d 789, 794 (10th Cir. 1988); <u>Olympic Club v. Those Interested Underwriters at Lloyd's London</u>, 991 F.2d 497, 503 (9th Cir. 1993).  The heart of the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Liberty Lobby</u>, 477 U.S. at 251-52.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  <u>Hall</u>, 935 F.2d at 1110 (10th Cir. 1991).  Nevertheless, "pro se litigants are subject to the same rules of procedure that govern other litigants."  <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir. 1993).  It is not the "proper function of the district court to assume the role of advocate for the pro se litigant."  <u>Hall</u>, 935 F.2d at 1110.  For this reason, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  <u>Drake v. City of Fort Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991).

## II.    Plaintiff's Claims

In construing plaintiff's claims, the Court looks to the pretrial order, which controls the course of the action unless modified by consent of the parties and Court and/or by Court order.  <u>See</u>

D. Kan. Rule 16.2(b);[2] <u>see also</u> Fed. R. Civ. P. 16(d) (pretrial order controls course of action unless court modifies it).

Based on his contentions in the pretrial order, it appears that plaintiff asserts claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 <u>et seq.</u> ("FTCA") for medical malpractice and civil conspiracy to libel and/or slander plaintiff.  <u>See</u> <u>Pretrial Order</u> (Doc. #31) at 2-3.  More specifically, plaintiff asserts the following factual contentions:

> On April 17, 2015, based on the medical facts of this matter, Administrative Law Judge Timothy G. Stueve of the Social Security Administration made a determination of "Fully Favorable" that the Plaintiff . . . ["]has been under a disability as defined in the Social Security Act since July 4, 2013, the alleged onset date of disability (20 CFR 404. 15 20(g))."

> The Plaintiff was treated for "a sprain" by the defendant and was not properly diagnosed with a "Ruptured Tendon" or "tear" as the defendant terms it, until damage became permanent.  On April 3, 2014, a doctor (defendant U.S. employee) named Pate stipulated Plaintiff's injury was most likely permanent and that "I got you too late."  Dr. Pate also stipulated that surgery "probably would not help."  The defendant under the pretense of assisting the Plaintiff with housing, then put into action a conspiracy in the defendants' facilities to libel and slander the Plaintiff in order to side-step any and all liability for malpractice which caused Plaintiff's permanent disability.

> This case is only one of many that the United States Congress has and still is taking the defendant to task for for their [sic] corrupt and unethical behavior simply titled "the VA Scandal".  Defendant's conduct constitutes a violation of the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.*

---

[2]      D. Kan. Rule 16.2(b) states as follows:

The pretrial order, when approved by the court and filed with the clerk, together with any memorandum entered by the court at the conclusion of the pretrial conference, will control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice.

D. Kan. Rule 16(b).

Pretrial Order (Doc. #31) filed March 30, 2016 at 2-3.[3]

**III.    Analysis**

       As noted, plaintiff asserts FTCA claims for medical malpractice and civil conspiracy to libel and/or slander plaintiff.  See Pretrial Order (Doc. #31) at 2-3.  Defendant asks the Court to grant summary judgment in its favor on the medical malpractice claim(s).[4]  See Defendant's Memorandum (Doc. #33) at 4-6.

---

    [3]      Regarding legal claims, the pretrial order states as follows:

Plaintiff asserts he is entitled to recover under the FTCA upon the following alternative theories (all as alleged in plaintiff's complaint):

     U.S. Court of Appeals, Federal Circuit.  *Moore v. Shinseki*, No. 2007-7306 Decided: February 10, 2009.  "We (COA) are mindful, however, that many veterans must navigate the "labyrinthine corridors of the veterans' adjudicatory system" without the assistance of counsel.  See: *Comer v. Peake*, 552 F.3d 1362, 1369 (Fed. Cir. 2009). . .  "It is shameful that the VA yet again failed in its duty to assist the veteran and, at best, poor judgment by the Department of Justice in defending the VA's actions."

Pretrial Order (Doc. #31) at 4.  Plaintiffs' assertions regarding legal claims and the cases cited therein appear  unrelated to his factual allegations.  See, e.g., Moore v. Shinseki, 555 F.3d 1369, 1373-74 (Fed. Cir. 2009) (disability rating) (VA violated duty to help veteran obtain records from Army hospital where he was treated); Comer v. Peake, 552 F.3d 1362, 1368-69 (Fed. Cir. 2009) (disability determination) (board of veterans' appeals must construe pro se arguments liberally in determining whether issue raised on appeal).  Accordingly, the Court construes plaintiff's claims based on his factual contentions in the pretrial order.

    [4]      Defendant also asks the Court to dismiss claims which plaintiff asserted in the complaint based on  "a litany of statutes."  Memorandum In Support Of Defendant's Motion To Dismiss Complaint Or, In The Alternative, Motion For Summary Judgment ("Defendant's Memorandum") (Doc. #33) filed April 4, 2016 at 1, 6.  The Court notes that other than the FTCA, plaintiff has not cited the statutes in the pretrial order and therefore failed to preserve such claims.  See, e.g., Hinds v. Sprint/United Mgmt. Co., No. 05-2362-KHV, 2006 WL 3715905, at *10 (D. Kan. Dec. 12, 2006).  Moreover, on July 16, 2015, the Court sua sponte dismissed without prejudice any claims which plaintiff asserted under various statutes listed in the complaint.  See Order (Doc. #15) at 1 n.1.  Accordingly, the Court overrules defendant's motion on this ground as moot.

A.       **Medical Malpractice**

Plaintiff asserts that VA medical providers committed medical malpractice by failing to properly diagnose and/or to treat an injury to his wrist.  Defendant seeks summary judgment on grounds that plaintiff has not identified an expert witness to testify regarding breach of the standard of care and/or causation.  See Defendant's Memorandum (Doc. #33) at 5-6.  In a medical malpractice action, plaintiff bears the burden to show not only that the doctor acted negligently, but that said negligence actually caused his injury.  See Hare v. Wendler, 263 Kan. 434, 440, 949 P.2d 1141, 1146 (1997) (citing Bacon v. Mercy Hosp. of Ft. Scott, Kan., 243 Kan. 303, 307, 756 P.2d 416, 420 (1988)).  "Except where the lack of reasonable care or the existence of proximate cause is apparent to the average layman from common knowledge or experience, expert testimony is required in medical malpractice cases to establish the accepted standard of care and to prove causation."  Id.

Here, the Court's scheduling order required that by January 6, 2016, plaintiff disclose expert testimony pursuant to Rule 26(a)(2), Fed. R. Civ. P.[5]  See Scheduling Order (Doc. #22) filed

---

[5]       Rule 26(a)(2) states as follows:

**(2) *Disclosure of Expert Testimony.***
  **(A)**   *In General.*  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
  **(B)**   *Witnesses Who Must Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
      **(i)**       a complete statement of all opinions the witness will express and the basis and reasons for them;

(continued...)

September 9, 2015 at 4.[6]  In support of its motion for summary judgment, defendant provides copies
of initial disclosures which plaintiff provided on September 16, 2015, supplemental disclosures
which plaintiff provided on September 28, 2015 and second supplemental disclosures which plaintiff
provided on March 3, 2016.  See Defendant's Memorandum (Doc. #33) at 2 and Exhibits 1, 2 and
3 thereto.   In  the  initial  disclosures,  plaintiff  stated  that  medical  expert  witnesses  were

---

[5](...continued)
      **(ii)**    the facts or data considered by the witness in forming them;
      **(iii)**   any exhibits that will be used to summarize or support them;
      **(iv)**   the witness's qualifications, including a list of all publications authored in the previous 10 years;
      **(v)**    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
      **(vi)**   a statement of the compensation to be paid for the study and testimony in the case.
  **(C)**  *Witnesses Who Do Not Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
      **(i)**    the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
      **(ii)**   a summary of the facts and opinions to which the witness is expected to testify.
  **(D)**  *Time to Disclose Expert Testimony.*  A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
      **(i)**    at least 90 days before the date set for trial or for the case to be ready for trial; or
      **(ii)**   if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

  **(E)**  *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

Fed. R. Civ. P. 26(a)(2).

[6]    The scheduling order further required that all discovery be commenced or served in time to be completed by March 7, 2016.  See Scheduling Order (Doc. #22) at 4.

"undetermined at this time" and that he would "supplement and provide [medical expert witnesses] in accordance with the Scheduling Order." Plaintiff's Initial Disclosures Pursuant To Fed. R. Civ. P. 26(a) at 3, ¶ 10, Defendant's Exhibit 1. In the supplemental disclosures and second supplemental disclosures, plaintiff did not identify medical expert witnesses. See Defendant's Exhibits 2 and 3.

In response to defendant's motion for summary judgment, plaintiff asserts that both parties have named witnesses who will "affirm Plaintiff's injury and how non-treatment of that injury immediately caused the permanent disability of the Plaintiff." Plaintiff's Response To Defendant's Motion To Dismiss Or In The Alternative, Motion For Summary Judgment ("Plaintiff's Response") (Doc. #37) filed April 22, 2016 at 3-4 (emphasis in original).[7] Specifically, plaintiff asserts that the following witnesses will so testify: Dr. Joseph Huston, Dr. Ryan Pate, Administrative Law Judge Timothy G. Stueve (SSA/Disability), Dr. Christopher C. Surek, Dr. Rafeal Montecino and Dr. Robert Pierron. Plaintiff's Response (Doc. #37) at 4. Plaintiff provides no further information regarding the content of proposed testimony by said individuals.

---

[7]     Plaintiff also filed a Memorandum In Support Of Plaintiff's Response To Defendant's Motion To Dismiss Complaint Or, In The Alternative, Motion For Summary Judgment (Doc. #38) filed April 22, 2016. In that document, plaintiff asserts as follows:

> After the medical malpractice on Plaintiff's wrist, the defendant then forced the Plaintiff to perform a regular full-time job at [an] average of $2.40 an hour . . . under threat of making Plaintiff homeless again. The living conditions provided by the defendant (HUD/VASH) allow the defendant to constantly interfere with Plaintiff's case via other HUD/VASH clients. The acts by the defendant also include forcing the Plaintiff to participate in mental health evaluations which have nothing to do with the Plaintiff's physical disability.

Id. at 2. To the document, plaintiff attaches three exhibits: (1) an affidavit by his wife regarding actions by the VA, see Plaintiff's Exhibit 1; (2) a summary of healthcare benefits for services provided on July 30, 2014, see Plaintiff's Exhibit 2; and (3) a magnetic resonance imaging ("MRI") report regarding plaintiff's right wrist and information from the internet regarding tendon injuries, see Plaintiff's Exhibit 1.

In his initial disclosures, plaintiff listed Judge Stueve to offer "expert" testimony regarding plaintiff's physical disability and to "rebut decision of 'mental defect' based on misleading documentation."  Plaintiff's Exhibit 1 at 2, ¶ 3.  The description of Judge Stueve's proposed testimony does not include medical expert opinion regarding breach of the standard of care or causation.  Plaintiff also listed Dr. Pierron and described his testimony as follows:

> Dr. Pierron based his diagnosis on the actual MRI report and MRI image.  Dr. Pierron can also rebut fabricated or "switched" MRI imaging applied to Plaintiff's injury by other medical staff workers.

Id., ¶ 5.  Again, the description of Dr. Pierron's proposed testimony does not include medical expert opinion regarding breach of the standard of care or causation.

Other than Judge Stueve and Dr. Pierron, plaintiff provides no record support for his assertion that the parties have identified witnesses who will testify as medical experts regarding breach of the standard of care or causation.  Pursuant to Rule 26(a)(2) and the Court's scheduling order, plaintiff was required to disclose by January 6, 2016, the identity of any such witnesses that he planned to present at trial.  See Fed. R. Civ. P. 26(a)(2)(A);  Scheduling Order (Doc. #22) at 4; see also Fed. R. Evid. 702.  In addition, if the witness "is one retained or specially employed to provide expert testimony in the case," the rule required plaintiff to provide a detailed written report by the witness.  See Fed. R. Civ. P. 26(a)(2)(B).  If a written report was not required, plaintiff's disclosure had to state the subject matter of the expert testimony and a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff has failed to designate expert witness testimony on the applicable standard of care or to prove causation.  His deadline to do so has long passed.  For this reason, defendant is entitled to summary judgment on any medical malpractice claim unless the common knowledge exception

applies.  Plaintiff makes no argument on this point.  The Court nevertheless considers the issue on its own initiative.

The common knowledge exception is extremely limited.  <u>Perkins v. Susan B. Allen Mem'l Hosp.</u>, 36 Kan. App.2d 885, 899, 146 P.3d 1102, 1105 (2006).  It applies only when "the lack of reasonable care or the existence of causation is apparent to the average layman from common knowledge or experience."  <u>Watkins v. McAllister</u>, 30 Kan. App.2d 1255, 1258, 59 P.3d 1021, 1023 (2002) (citing <u>Hare</u>, 263 Kan. at 442, 949 P.2d at 1147).  Examples of cases in which courts have applied the exception include when healthcare providers drop a patient off an x-ray table, surgeons leave a sponge in a patient after surgery and a surgeon removes 60 per cent of the wrong vertebral disc.  <u>See</u> <u>Perkins</u>, 36 Kan. App.2d at 899, 146 P.3d at 1105 (and cases cited therein).  The well-established test for determining whether expert testimony is required is "whether the subject matter is too complex to fall within the common knowledge of the jury and is beyond the capability of a layperson to decide."  <u>Williamson v. Amrani</u>, 283 Kan. 227, 245, 152 P.3d 60, 71 (2007).

Here, the care and treatment of plaintiff's wrist injury is not something within the common knowledge of the jury.  Plaintiff must prove that VA health providers failed to meet the appropriate standard of care and that said deviation of care actually caused his alleged injuries.  <u>See</u> <u>Hare</u>, 263 Kan. at 440-42, 949 P.2d at 1146.  A layperson does not possess the knowledge to make such determinations.  Because the common knowledge exception does not apply, plaintiff must adduce expert testimony to prove any medical negligence claim.  Plaintiff has not designated any such experts and the time to do so has passed. Accordingly, the Court grants defendant summary judgment on plaintiff's medical malpractice claim(s).  <u>See, e.g.</u>, <u>Cox v. Ann</u>, No. 12-CV-2678-DDC-GLR, 2015 WL 859064, at *17-18 (D. Kan. Feb. 27, 2015).

### B.      Conspiracy To Commit Libel And/Or Slander

Defendant's motion does not address plaintiff's claim(s) for conspiracy to commit libel and/or slander.  It appears, however, that plaintiff cannot assert such claims under the FTCA.  More specifically, under 28 U.S.C. § 2680, the United States' waiver of sovereign immunity does not apply to certain intentional torts, including "any claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h);[8] see also Lipkin v. S.E.C., 468 F. Supp.2d 614, 624 (S.D.N.Y. 2006) (claim for "conspiracy for libel" cannot be brought under FTCA).  Accordingly, the Court orders that on or before **February 6, 2017**, plaintiff shall show cause in writing why the Court should not dismiss the conspiracy claim(s) for failure to state a claim upon which relief may be granted.  On or before **February 13, 2017**, defendant may file a response to plaintiff's response to the show cause order. The Court advises plaintiff that failure to timely file a response which sufficiently sets forth the factual and legal basis for such claim(s) will likely result in dismissal of his claim(s) with prejudice without further notice.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Complaint Or, In The Alternative, Motion For Summary Judgment (Doc. #32) filed April 4, 2016 be and hereby is

---

[8]      Section 2680(h) provides that provisions of the FTCA do not apply to

Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

**SUSTAINED in part**.  The Court grants summary judgment in favor of the United States of America on plaintiff's claim(s) for medical malpractice and overrules defendant's motion to dismiss statutory claims.

       **IT IS FURTHER ORDERED** that on or before **February 6, 2017**, plaintiff shall show cause in writing why the Court should not dismiss his conspiracy claim(s) for failure to state a claim upon which relief may be granted.

       **IT IS FURTHER ORDERED** that on or before **February 13, 2017**, defendant may file a response to plaintiff's response to the show cause order.

       Dated this 25th day of January, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge