**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GABRIEL M. ROBLES,           ) | |
|                                                                                                     **Plaintiff,**           ) | |
| ) | CIVIL ACTION |
| v.                           ) | |
| ) | No. 15-4864-KHV |
| UNITED STATES OF AMERICA, et al.,   ) | |
| ) | |
|                                                                                                    **Defendants.**         ) | |
| ) | |

**MEMORANDUM AND ORDER**

Gabriel M. Robles, pro se, brings suit against the United States of America for claims arising out of his treatment by medical providers at the Veterans Administration ("VA").[1] See Pretrial Order (Doc. #31) filed March 30, 2016 at 2-3. Specifically, plaintiff asserts claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") for medical malpractice and civil conspiracy to libel and/or slander plaintiff. See Pretrial Order (Doc. #31) at 2-3. The case is set for a three-day bench trial beginning February 27, 2017. On January 25, 2017 the Court entered summary judgment in favor of defendant on the medical malpractice claim(s). See Memorandum And Order And Order To Show Cause (Doc. #39) at 11. In addition, the Court ordered plaintiff to show cause in writing why it should not dismiss the conspiracy claim(s). See id. at 12. Specifically, the Court noted that under 28 U.S.C. § 2680, the United States' waiver of sovereign immunity does not apply to certain intentional torts, including "any claim arising out of . . . libel [or] slander." Id. (citing 28 U.S.C. § 2680(h) and Lipkin v. S.E.C., 468 F. Supp.2d 614, 624 (S.D.N.Y. 2006)). The Court specifically warned plaintiff that "failure to timely file a response which sufficiently sets forth the factual and

---

[1] Plaintiff also sued various VA facilities. See Complaint (Doc. #1) filed April 1, 2015 at 1. On July 16, 2015, the Court dismissed all claims against the VA and its facilities, finding that the United States is the only proper defendant. See Order (Doc. 15) at 1-2.

legal basis for such claim(s) will likely result in dismissal of his claim(s) with prejudice without further notice." Memorandum And Order And Order To Show Cause (Doc. #39) at 11.

Plaintiff responds to the show cause order with eight pages of rambling accusations, most of which appear to be unrelated to the claim(s) at hand. See Plaintiff's Answer To "Order To Show Cause" Dated January 27, 2017. (Doc. 39) ("Plaintiff's Response") (Doc. #40) filed February 6, 2017 at 1-8. Plaintiff alleges that the Court has a pattern and practice of siding "with the party that can afford legal counsel and is Caucasian." Id. at 1. In addition, plaintiff points to an alleged scandal in which the U.S. Attorney's Office allegedly violated the attorney-client privilege in criminal cases. See id. at 5, 7.[2]

Plaintiff suggests that the Court should reconsider its summary judgment ruling on the medical practice claim. See id. at 8. Plaintiff asserts that defendant filed its motion for summary judgment in the eleventh hour and "most probably out of time." Plaintiff's Response (Doc. #40) at 7. The Court's scheduling order set a deadline of April 13, 2016 for dispositive motions, including motions for summary judgment. See Scheduling Order (Doc. #22) filed September 9, 2015 at 8. Defendant filed its motion for summary judgment on April 4, 2016, nine days before the deadline expired. See Defendant's Motion To Dismiss Complaint Or, In The Alternative, Motion For Summary Judgment (Doc. #32). The Court granted summary judgment because plaintiff did not designate expert witness testimony on the applicable standard of care or to prove causation.[3] See

---

[2]     Plaintiff questions whether "corruption" is why the Court encourages pro se litigants to use public libraries for computer access. Plaintiff's Response (Doc. #40) at 7.

[3]     The Court also found that plaintiff's alleged injury does not fall under the common knowledge of the jury. See Memorandum And Order And Order To Show Cause (Doc. #39) at 10-11.

Memorandum And Order And Order To Show Cause (Doc. #39) at 10.  Plaintiff seems to suggest that the Court should have raised the issue of expert witnesses during pretrial proceedings.  See Plaintiff's Response (Doc. #40) at 4-5.  The Court, however, cannot serve as advocate for a pro se litigant.  See Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  To the extent that plaintiff asks the Court to reconsider its summary judgment ruling, it declines to do so.  See D. Kan. Rule 7.3(b) (motion for reconsideration must be based on intervening change in controlling law, availability of new evidence or need to correct clear error or prevent manifest injustice); Cline v. S. Star. Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005) (motion for reconsideration inappropriate for issues already addressed or new arguments or facts which movant could have presented originally).

As noted, in the show cause order, the Court directed plaintiff to set forth the factual and legal basis for his claim(s) for civil conspiracy to libel and/or slander plaintiff.[4]  See Memorandum And Order And Order To Show Cause (Doc. #39) at 12.  In his response, plaintiff sets forth a litany of factual allegations regarding his experiences with a housing program for veterans that he alleges defendant controls.  See Plaintiff's Response (Doc. #40) at 5-6.  Even if the allegations sufficiently set forth the factual basis for his claim, plaintiff provides no legal basis to support the claim.  Pursuant to 28 U.S.C. § 2680(h), the FTCA does not apply to certain intentional torts, including

---

[4] In the pretrial order, plaintiff alleges that after committing medical malpractice, "defendant under the pretense of assisting the Plaintiff with housing, then put into action a conspiracy in the defendants' facilities to libel and slander the Plaintiff in order to side-step any and all liability for malpractice which caused Plaintiff's permanent disability."  Pretrial Order (Doc. #31) filed March 30, 2016 at 3.

claims arising out of libel or slander.[5] Because the United States has not waived sovereign immunity with respect to such claims, the Court lacks subject matter jurisdiction over them.  See <u>Lipkin v. S.E.C.</u>, 468 F. Supp.2d 614, 624 (S.D.N.Y. 2006).  Accordingly, the Court dismisses plaintiff's claim(s) for civil conspiracy to libel and/or slander plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff's claim(s) for civil conspiracy to libel and/or slander plaintiff be and hereby are **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter judgment in favor of defendant on plaintiff's claim(s) for medical malpractice.

**IT IS FURTHER ORDERED** that the trial set for February 27, 2017 is **CANCELLED**.

Dated this 16th day of February, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[5]  Under Section 2680(h), the FTCA does not apply to

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).